1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9   United States of America,              )    No. CV10-0244-PHX-DGC
                                           )
10                    Plaintiff,            )
                                           )    **ORDER**
11  vs.                                    )
                                           )
12  $79,010.00 in United States currency, et )
    al.,                                   )
13                                         )
                      Defendants.          )
14                                         )
                                           )
15  _____)

16         In this currency forfeiture action, the United States moves to strike pro se Claimant

17  Quezon Gray's claim and answer for lack of standing (Doc. 25), and Claimant moves to

18  dismiss the government's motion (Doc. 27).  The government moves to strike the motion to

19  dismiss as an untimely response.  Doc. 29.  Claimant also moves to address the Court in

20  "layman's terms" (Doc. 34) and to suppress his earlier disclaimer in the seized currency on

21  grounds that he was under duress when he signed the disclaimer (Doc. 34).  On March 11,

22  2011 the government moved to stay the motion to suppress until resolution of the motion to

23  strike.  Doc. 35.

24         Claimant was stopped by the Arizona Department of Public Safety on September 9,

25  2009, while driving a truck and trailer, and $79,010 was found in a duffel bag inside a hidden

26  compartment within the trailer.  Doc. 25, at 1, 4; Doc. 27.  Claimant and the vehicles were

27  taken to the Arizona Department of Transportation Happy Valley maintenance yard, where

28  Claimant was given a disclaimer of ownership form.  Doc. 25 at 4.  Claimant signed the

form. *Id.* at 4-5.  On or about November 3, 2009, Claimant filed an administrative claim asserting ownership of the currency and asserting that the money was earned during five years of employment and self-employment. Doc. 10-1 at 3-4. On February 2, 2010, the United States filed the present action (Doc. 1), and Claimant filed an answer (Doc. 7) and a claim (Doc. 10) asserting an ownership interest in the currency.

"To have standing to challenge a forfeiture, a claimant must allege that he has an ownership or other interest in the forfeited property." *United States v. $191,910.00*, 16 F.3d 1051, 1057 (9th Cir. 1994) (citation omitted), *superseded by statute on other grounds as stated in United States v. $80,180.00*, 303 F.3d 1182, 1184 (9th Cir. 2002).  "[A] simple claim of *ownership* will be sufficient to create standing." *Id.* at 1058 (emphasis in original). Some district courts have limited *$191,910.00* to the pleading stage, and have required more than mere allegations at the summary judgment stage. *E.g.*, *United States v. $133,420.00*, 2010 WL 2594304, *4-*6 (D. Ariz. 2010).

Although the government asserts that "Rule G(8)(c) allows this motion to proceed by summary judgment" and references an "attached Statement of Facts" (Doc. 25 at 2), the motion is styled "Motion to Strike Claim and Answer," and no separate statement of facts has been filed as required by LRCiv 56.1.  The Court will therefore treat the government's motion as a renewed motion to dismiss.[1]

Claimant signed a disclaimer. Doc. 25 at 4-5. The government argues that by signing the disclaimer, Claimant "[gave] up all rights to the currency." *Id.* at 7. The government has not attached the disclaimer form to the motion or the complaint, nor does the government cite case law for the proposition that such a disclaimer would alienate legal title or be anything more than merely a rebuttable admission.[2]  Claimant's verified answer and claim each assert

---

[1] The Court denied the government's earlier motion to strike Claimant's answer (Doc. 8).  Doc. 14.

[2] Claimant's verified claim also asserts that the disclaimer was signed under duress. Doc. 10-1 at 3:23-28.  The Court passes no judgment on this assertion.

that Claimant is the owner of the currency.  Doc. 10-1 at 3:3-5; Doc. 7 at 8:8-10.  The verified claim also asserts that Claimant obtained the currency over "five years of employment and self-employment." Doc. 10-1 at 3:6-9.

In light of the fact that Claimant has asserted an ownership interest in the currency, the Court will deny the government's motion to strike. *See $191,910.00*, 16 F.3d at 1057 ("These cases simply state that a claimant will not have standing without at some time asserting an interest in the property and describing whether the interest is a possessory interest, an ownership interest, or something else."). The Court will also deny as moot Claimant's motion to dismiss and the government's motion to strike the motion to dismiss.

Claimant seeks permission to address the Court in lay terms because it is impossible for him to use "legal terms." Doc. 32. The Court is cognizant of Claimant's pro se status, and Claimant is not required to use legal words to invoke the power of the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (noting that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and that, therefore, inartful pro se pleadings should still be considered by the court); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (noting that pro se plaintiffs are expected to abide by the rules of the court in which they litigate). The Court will apply this law without motion by Claimant. Accordingly, the motion is denied as moot. Claimant is required to follow the Court's rules of civil procedure, however, and to phrase his motions in such a way as to give the Court fair notice of his arguments.

The motion to strike having been decided, the government's motion to stay the motion to suppress the disclaimer is denied as moot. The government shall file a response within 14 days of the issuance of this order.

**IT IS ORDERED:**

1. The government's motion to strike the answer and claim (Doc. 25) is **denied**.

2. Claimant's motion to dismiss the motion to strike (Doc. 27) is **denied as moot**.

3. The government's motion to strike the motion to dismiss (Doc. 29) is **denied as moot**.

4.      Claimant's motion to address the Court in lay terms (Doc. 32) is **denied as moot**.

5.      The government's motion to stay (Doc. 35) is **denied as moot**.

6.      The government shall file a response to Claimant's motion to suppress within **14 days** of this order.

DATED this 17th day of March, 2011.

_____
David G. Campbell
United States District Judge