**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV10-0244-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| $79,010.00 in United States currency, et al., | |
| Defendants. | |

Plaintiff United States of America moves for reconsideration of this Court's March 17, 2011 order (Doc. 36). Doc. 38. For the reasons that follow, the Court will deny the motion.

**A.    Legal Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

**B.     Discussion.**

Plaintiff argues that the Court's March 17 order ("the Order") overlooked or misapprehended certain issues, resulting in manifest error. Doc. 38 at 1. More specifically, Plaintiff argues that: (1) to the extent the Court treated Plaintiff's mere failure to attach Defendant's disclaimer to its motion as dispositive, Plaintiff was not required to attach extrinsic evidence in a Rule 12(b)(6) motion; (2) to the extent the Court addressed only Plaintiff's Article III standing arguments and ignored the prudential standing arguments, the Court should modify its order; (3) the Court misconstrued Rule G by failing to conduct an evidentiary hearing whereby Claimant would be required to establish standing conclusively; and (4) naked assertion of ownership of seized currency is not sufficient to establish standing, Defendant has not introduced sufficient evidence to meet his standing burden, and therefore Defendant is not entitled to argue the merits of the case. Doc. 38.

**1.     Extrinsic Evidence.**

After determining that Plaintiff filed a motion to dismiss rather than a summary judgment motion, the Court addressed Plaintiff's claim that by signing a "disclaimer" form Defendant gave up all rights to the currency. Doc. 36 at 2. As the moving party, Plaintiff had the burden of persuading the Court that this legal conclusion was valid. The Court noted that Plaintiff cited no legal basis for its argument, and that Plaintiff did not introduce the disclaimer document in question. *Id.* Had the Plaintiff introduced a disclaimer form that purported to extinguish Defendant's rights in the currency, the Court could have considered it by converting the motion to dismiss into a summary judgment motion. Fed. R. Civ. P. 12(d). With no legal or factual basis for its conclusion that Defendant gave up all rights to the currency, Plaintiff failed to carry its burden. The Court properly rejected the argument.

**2.     Prudential Standing.**

Plaintiff's motion to dismiss argued that Plaintiff lacked prudential standing because he took himself out of the zone of interests when he claimed, at the traffic stop, that the trailer contained no large amounts of cash and when he later signed a disclaimer stating the currency was not his. Doc. 25 at 9. Nothing in the Court's order indicated that only Article

1 III standing was considered by this Court.  The Court held that Claimant met the standing
2 requirements at the motion to dismiss stage under *United States v. $191,910.00*, 16 F.3d
3 1051, 1057 (9th Cir. 1994) (citation omitted), *superseded by statute on other grounds as
4 stated in United States v. $80,180.00*, 303 F.3d 1182, 1184 (9th Cir. 2002).  Doc. 36 at 2.

In its motion for reconsideration, Plaintiff argues that *$191,910.00* predates the new Rule G and CAFRA.  Doc. 38 at 3.  Plaintiff could have made this argument in its motion to dismiss, but it did not.  In fact, Plaintiff did not draw a distinction between Claimant's burden at the motion to dismiss stage versus on a motion for summary judgment.  Motions for reconsideration are not the proper vehicle for making new arguments.  Plaintiff may raise the issue again on summary judgment.

**3.    Evidentiary Hearing.**

Rule G(8)(c)(ii)(B) provides that the government's motion may be "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."  The Court found that Plaintiff failed to follow the procedure for presenting the motion as a motion for summary judgment, and therefore treated the motion as a motion to dismiss on the pleadings.  Doc. 36 at 2.  Plaintiff concedes that it did not file a motion for summary judgment.  Doc. 38 at 2:27.  Moreover, Plaintiff did not affirmatively request an evidentiary hearing, nor did it request oral argument.  Doc. 25.  Statements in a motion to dismiss about what the Court "may" do *sua sponte* are not affirmative requests.  Plaintiff presented its motion as motion to dismiss on the pleadings and failed to persuade the Court of its legal arguments.  The Court properly denied the motion without a *sua sponte* evidentiary hearing.

**4.    Naked Assertions of An Ownership Interest.**

In both its motion to dismiss and its motion for reconsideration Plaintiff asserts that naked assertions of an ownership interest are not sufficient to establish standing. Doc. 25 at 10; Doc. 38 at 7.  Plaintiff also takes issue with the Court's reliance on *$191,910.00* (Doc. 38 at 7), a case that the Ninth Circuit has not overruled with respect to

standing inquiries at the motion to dismiss stage. Although Claimant would have needed to do more than assert ownership on a summary judgment motion, this was not such a motion (Doc. 36 at 2).

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 38) is **denied**.

DATED this 4th day of April, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge