**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OFARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV10-0244-PHX-DGC |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| $79,010.00 in United States currency, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Claimant pro se moves to suppress a disclaimer of ownership (Doc. 34), Plaintiff United States opposes (Doc. 41), and Claimant did not file a reply. Claimant also moves to suppress the affidavit of an officer included with Plaintiff's response. Doc. 42. Plaintiff moves to strike the latter motion (Doc. 43), and Claimant filed a notice of errata (Doc. 44).

This is a civil currency forfeiture action where it is alleged Claimant signed a disclaimer of ownership. Doc. 1 at 8. Claimant moves to suppress the disclaimer because it was given to him "under direct duress and indirect force." Doc. 34 at 1. Claimant appears to argue that because he was handcuffed and detained at the time the disclaimer was given to him to sign, this constitutes duress such that the disclaimer is void. *Id.* at 1-2. Claimant suggests that this conclusion is rooted in, and the analysis is governed by, contract law. *Id.* at 1 (moving "to suppress this contract title[d] Disclaimer of Ownership," and noting that "this contract **(Disclaimer of Ownership)** [is] not valid" (emphasis in original)).

The disclaimer form attached to Claimant's motion bears the seal of the Arizona Department of Public Safety (Doc. 34 at 5), and Claimant does not allege that the officer allegedly creating the duress was a federal officer. Therefore, to the extent Claimant does not argue that another source of law applies, the Court will apply Arizona law. Under Arizona law, duress in the contractual context is defined as either "any wrongful act of one person that compels a manifestation of apparent assent by another to a transaction without his volition" or "any wrongful threat of one person by words or other conduct that induces another to enter into a transaction under the influence of such fear as precludes him from exercising free will and judgment, if the threat was intended or should reasonably have been expected to operate as an inducement." *Inter-Tel, Inc. v. Bank of Amer.*, 985 P.2d 596, 602 (Ariz. App. 1999) (citing Restatement of Contracts § 492).

In this case, Claimant has not shown that his detention or handcuffing was a wrongful act in the context of the facts alleged by Plaintiff. Moreover, Claimant has not shown that lawful handcuffing and detention by a police officer is per se duress under Arizona contract law, nor has Claimant shown any wrongful threats or inducement in this case. Therefore, the Court finds Claimant's arguments without merit and will deny the motion to suppress.[1]

Because Claimant's motion to suppress the disclaimer is denied on its face without the need to examine the affirmations made by the officer's affidavit, the motion to suppress the officer's affidavit and the motion to strike will be denied as moot.

**IT IS ORDERED:**

1. Claimant's motion to suppress the disclaimer (Doc. 34) is **denied**.
2. Claimant's motion to suppress the officer's affidavit (Doc. 42) is **denied as moot**.

---

[1] The response by Plaintiff United States argues that the disclaimer is not an involuntary or coerced confession under the federal constitution. Doc. 41 at 9-16. Because Claimant has made a contractual duress argument, not a constitutional argument, and Claimant has not filed a reply addressing the constitutional issues, the Court need not pass judgment on the merits of the government's constitutional arguments.

3. Plaintiff's motion to strike the motion at Doc. 42 (Doc. 43) is **denied as moot**.

DATED this 1st day of July, 2011.

_____
David G. Campbell
United States District Judge