**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>vs.<br><br>$79,010.00 in United States currency, et. al.,<br><br>               Defendants. | No. CV10-0244-PHX-DGC<br><br>**ORDER** |

On March 3, 2011, pro se Claimant, Quezon Gray, filed a motion to suppress a disclaimer of ownership. Doc. 34. Plaintiff filed a response (Doc. 41), and Mr. Gray did not file a reply. On July 5, 2011, the Court denied Mr. Gray's motion to suppress. Doc. 45. Mr. Grey then filed a motion on July 18, 2011, and again on September 9, 2011, labeled, "Defendant's Supplement to Motion to Suppress Disclaimer of Ownership of U.S. Currency." Docs. 47, 48. The motion has been fully briefed. Docs. 49, 50. For the reasons stated below the Court will deny the motion.

Mr. Gray gives no legal basis for the Court to rule on a supplement to a motion the Court has already denied. To the extent that the Court treats Mr. Gray's motion as a supplement, the Court will deny the motion as moot.

Mr. Gray states in his reply that the motion should be construed as a motion for reconsideration. Doc. 50 at 2. Because federal courts must "liberally construe the 'inartful pleading' of pro se litigants" (*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation omitted)), the Court will address Mr. Grey's motion as a motion for

reconsideration.

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink what it has already thought. *See N.W. Acceptance Corp.v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio,* No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).

Mr. Grey alleges no legal error in the Court's denial of his original motion. He merely "re-urges the Court" to suppress his disclaimer of ownership, and he alleges "more detailed facts" and "other factual circumstances excluded from [his] previous pleading" (Doc 47 at 1). All of the facts, however, pertain to the stop by Officer Bentley during which Mr. Grey signed the disclaimer of ownership that Mr. Grey already discussed in his prior motion, and Mr. Grey offers no reason why he could not have presented the more detailed facts at that time. *See* Docs. 47 §§ 2-15, 34 at 1-2. It appears that Mr. Grey only provided his new account of what happened in order to make new legal arguments – in this case, constitutional claims – that he could have made previously but did not. *See* Doc. 47 §§ 14, 16. Even under the liberal pleading requirements applied to pro se litigants, Mr. Grey fails to meet the standards for a motion for reconsideration.

**IT IS ORDERED** that Claimant's "Supplement to Motion to Suppress Disclaimer of Ownership of U.S. Currency" (Doc. 47) is **denied**.

Dated this 14th day of November, 2011.

_____
David G. Campbell
United States District Judge